KENT L. SHARP, ESQ.: SBN179468
Email: kent@lajollalawgroup.com
ERIC S. CANFIELD, ESQ.: SBN300214
Email: eric@lajollalawgroup.com
LA JOLLA LAW GROUP
9404 Genesee Ave., Ste. 300
La Jolla, CA 92037
Telephone No.: (858) 202-1321
Facsimile No.: (858) 202-1308

Attorneys for Movant,
JEFFREY S. CAMERON

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re | CASE NO. 23-03508-CL13 |
| KENNAN EDWARD KAEDER, | RS No. KLS-1 |
| Debtor. | **DECLARATION OF KENT L. SHARP, ESQ. IN SUPPORT OF MOVANT JEFFREY S. CAMERON'S MOTION FOR RELIEF FROM AUTOMATIC STAY (UNLAWFUL DETAINER)** |
| JEFFREY S. CAMERON, | |
| Moving Party. | |
| KENNAN EDWARD KAEDER; and MICHAEL KOCH, Trustee, | |
| Respondents. | |

I, Kent L. Sharp, Esq., hereby declare and state as follows:

1.      I am an attorney duly licensed to practice law before all Courts of the State of California and am a partner in the law firm of La Jolla Law Group, attorneys of record for MOVANT JEFFREY S. CAMERON ("MOVANT").  I have personal knowledge of the facts stated herein, except those facts stated upon information and belief, and if called to testify, would and could competently testify thereto.  This Declaration is being submitted in support of MOVANT'S Motion for Relief From Automatic Stay (Unlawful Detainer) in the above-entitled matter.

////

La Jolla Law Group
9404 Genesee Avenue, Suite 300
La Jolla, CA 92037
T: 858.202.1321

La Jolla Law Group
9404 Genesee Avenue, Suite 300
La Jolla, CA 92037
T: 858.202.1321

2.      MOVANT retained my office in late January 2023 to assist in the eviction attempts against Debtor KENNAN E. KAEDER ("MOVANT") from MOVANT'S subject real property located at 645 Front Street, Unit 707, in downtown San Diego (the "Premises").  On March 1, 2023, I caused DEBTOR to be served with a 3 Day Notice to Perform Covenant (Cure) or Quit.  Shortly thereafter on March 10, 2023, I caused DEBTOR to be served with a 3 Day Notice to Quit.  Despite these Notices, DEBTOR still failed to vacate the MOVANT'S Premises.

3.      My office filed an Unlawful Detainer Complaint on April 14, 2023 in San Diego Superior Court, Case No. 37-2023-00015554-CL-UD-CTL (the "State Court Action"), on behalf of the MOVANT (see Exhibit "A" attached hereto, a true and correct copy of the Complaint in the State Court Action).   Soon thereafter, DEBTOR began to use his extensive litigation experience to delay my office's ability to evict him by filing an unmeritorious Motion to Quash Summons which the Court denied; a sham Demurrer to the Unlawful Detainer Complaint which the Court overruled; two untimely Motions to Compel further responses to his written discovery at the eleventh hour before Trial Call to delay the Trial, which the Court denied; and finally, as a final effort to delay the proceedings, DEBTOR filed an *Ex Parte* Application to Continue the Trial which the Court also denied.

4.      Trial proceeded on September 13 and 14, 2023 in Department 1604 before Honorable Michael D. Washington presiding, sitting without a jury.  The Court found in favor of MOVANT and against DEBTOR on the Unlawful Detainer Complaint; that MOVANT is entitled to immediate possession of the Premises; that the Lease for the Premises and Lease Renewal Agreement thereto are forfeited by DEBTOR; and that MOVANT is the prevailing party and is entitled to recover attorneys' fees and costs of suit as the Court deems appropriate.  At the conclusion of the Trial, DEBTOR requested a Statement of Decision.

5.      My office served the [Proposed] Judgment After Trial on September 15, 2023 (see Exhibit "B" attached hereto, a true and correct copy of the [Proposed] Judgment).  On September 21, 2023, DEBTOR filed and served an Amended Request for Statement of Decision with 27 separate issues requested.  The Court issued its Proposed Statement of Decision and Proposed Judgment After Trial on October 17, 2023 (see Exhibit "C" attached hereto, a true and correct

2

La Jolla Law Group
9404 Genesee Avenue, Suite 300
La Jolla, CA 92037
T: 858.202.1321

copy of the Court's said Proposed Statement of Decision and Proposed Judgment After Trial). On November 1, 2023, DEBTOR filed a Notice of Intent to File Objections to Statement of Decision and Proposed Judgment and to File Motion for New Trial.  On November 6, 2023, DEBTOR filed his 14 pages of Objections to the Proposed Statement of Decision and Proposed Judgment After Trial.  On November 7, 2023, DEBTOR filed his Chapter 13 Bankruptcy Petition staying the State Court Action and associated entry of the Judgment for Possession against him. DEBTOR'S Chapter 13 Petition was bare bones and he failed to file the following documents: Schedules A/B-J; Statement of Financial Affairs; Summary of Assets and Liabilities; Chapter 13 Plan; Chapter 13 Statement of Current Monthly Income; and Certificate of Credit Counseling.

6. MOVANT will be extremely prejudiced if this Court does not lift the stay of the State Court Action and allow the Judgment for eviction from MOVANT'S Premises against the DEBTOR to be entered.  DEBTOR has been a holdover tenant of MOVANT'S Premises for over nine months and refuses to vacate the Premises without being removed via a Writ of Execution, which can only be obtained once the Judgment is entered against DEBTOR in the State Court Action.  DEBTOR continues to violate the Lease and the HOA'S rules causing damage to the Premises and to MOVANT, using every card in his deck to prevent MOVANT from evicting him.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.  Executed this 14th day of November 2023, at La Jolla, California.

_____

Kent L. Sharp, Esq.

Declaration of Kent L. Sharp, Esq. ISO Movant's Motion for Relief From Automatic Stay (Unlawful Detainer)

EXHIBIT "A"

**UD-100**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY<br><br>NAME: Kent L. Sharp, Esq.   STATE BAR NUMBER: 179468<br>FIRM NAME: La Jolla Law Group<br>STREET ADDRESS: 9404 Genesee Ave., Ste. 300<br>CITY: La Jolla   STATE: CA   ZIP CODE: 92037<br>TELEPHONE NO.: (858) 202-1321   FAX NO.: (858) 202-1308<br>EMAIL ADDRESS: kent@lajollalawgroup.com<br>ATTORNEY FOR (name): Plaintiff Jeffrey Cameron | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**04/14/2023** at 10:26:59 AM<br>Clerk of the Superior Court<br>By Regina Chanez, Deputy Clerk |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 W. Broadway<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central |

| | |
|---|---|
| PLAINTIFF: Jeffrey S. Cameron<br>DEFENDANT: Kennan E. Kaeder<br>[x]  DOES 1  TO 10 | |
| **COMPLAINT—UNLAWFUL DETAINER***<br>[x] COMPLAINT   [ ] AMENDED COMPLAINT   (Amendment Number): | CASE NUMBER:<br>37-2023-00015554-CL-UD-CTL |

| |
|---|
| Jurisdiction *(check all that apply):*<br><br>[x] **ACTION IS A LIMITED CIVIL CASE**<br>Amount demanded   [x]  does not exceed $10,000.<br>                    [ ]  exceeds $10,000 but does not exceed $25,000.<br>[ ] **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)<br>[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint *(check all that apply):*<br>  [ ] from unlawful detainer to general unlimited civil (possession not in issue).   [ ] from limited to unlimited.<br>  [ ] from unlawful detainer to general limited civil (possession not in issue).   [ ] from unlimited to limited. |

1. *PLAINTIFF (name each):*
   Jeffrey S. Cameron, an individual

   *alleges causes of action against DEFENDANT (name each):*
   Kennan E. Kaeder, an individual

2. a.  Plaintiff is  (1) [x] an individual over the age of 18 years.  (4) [ ] a partnership.
       (2) [ ] a public agency.                (5) [ ] a corporation.
       (3) [ ] other *(specify):*

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. a.  *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):*
       645 Front Street, Unit 707, San Diego, CA 92101

   b.  The premises in 3a are *(check one)*
       (1) [x] within the city limits of *(name of city):* San Diego
       (2) [ ] within the unincorporated area of *(name of county):*

   c.  The premises in 3a were constructed in *(approximate year):* 2003

4. Plaintiff's interest in the premises is [x] as owner [ ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*** NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>UD–100 [Rev. September 1, 2020] | **COMPLAINT—UNLAWFUL DETAINER** | Civil Code, § 1940 et seq;<br>Code of Civil Procedure, §§ 425.12, 1166<br>*www.courts.ca.gov* |

EXHIBIT A - 1/27

**UD-100**

| | |
|---|---|
| PLAINTIFF: Jeffrey Cameron | CASE NUMBER: |
| DEFENDANT: Kennan E. Kaeder | |

6.  a.  On or about *(date):* February 15, 2017

   *defendant (name each):*
   Kennan E. Kaeder

   (1)  agreed to rent the premises as a ☐ month-to-month tenancy ☒ other tenancy *(specify):* 12-month lease
   (2)  agreed to pay rent of  $ 3,300.00        payable ☒ monthly   ☐ other *(specify frequency):*
   (3)  agreed to pay rent on the ☒ first of the month  ☐ other day *(specify):*

   b.  This ☒ written  ☐ oral  agreement was made with
   (1) ☒ plaintiff.          (3) ☐ plaintiff's predecessor in interest.
   (2) ☐ plaintiff's agent.  (4) ☐ Other *(specify):*

   c.  ☒ The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) ☒ Other *(specify):* DOES 1-10

   d.  ☒ The agreement was later changed as follows *(specify):*
   On 3/1/2022, a Lease Renewal Agreement was entered into by the parties.  Defendant Kennan E. Kaeder agreed to pay rent of $3,750.00 payable monthly.  All other terms of the February 15, 2017 Lease were incorporated into 3/1/2022 Agreement.

   e.  ☒ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

   f.  ☐ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
   (1) ☐ *the written agreement is not in the possession of the landlord or the landlord's employees or agents.*
   (2) ☐ *this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).*

7.  The tenancy described in 6 *(complete (a) or (b))*
   a.  ☐ is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify):*          .
   b.  ☒ is subject to the Tenant Protection Act of 2019.

8.  *(Complete only if item 7b is checked. Check all applicable boxes.)*
   a.  ☒ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
   b.  ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*

   (1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of  $          .
   (2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling  $
       to *(name each defendant and amount given to each):*

   c.  ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9.  a.  ☒ Defendant *(name each):* Kennan E. Kaeder

   was served the following notice on the same date and in the same manner:

   (1) ☐ 3-day notice to pay rent or quit       (5) ☐ 3-day notice to perform covenants or quit
   (2) ☐ 30-day notice to quit                        *(not applicable if item 7b checked)*
   (3) ☐ 60-day notice to quit                   (6) ☒ 3-day notice to quit under Civil Code, § 1946.2(c)
   (4) ☐ 3-day notice to quit                         Prior required notice to perform covenants served *(date):* Mar 3, 2023  .
                                                 (7) ☐ Other *(specify):*

---

UD-100 [Rev. September 1, 2020]                    **COMPLAINT—UNLAWFUL DETAINER**                    **Page 2 of 4**

**UD-100**

| | |
|---|---|
| PLAINTIFF:  Jeffrey Cameron<br>DEFENDANT:  Kennan E. Kaeder | CASE NUMBER: |

9.  b.  (1)  On *(date):* March 29, 2023                    the period stated in the notice checked in 9a expired at the end of the day.

   (2)  Defendants failed to comply with the requirements of the notice by that date.

   c.  All facts stated in the notice are true.

   d.  ☒  The notice included an election of forfeiture.

   e.  ☒  A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*

   f.  ☒  One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10.  a.  ☒  The notice in item 9a was served on the defendant named in item 9a as follows:

   (1)  ☐  By personally handing a copy to defendant on *(date):*

   (2)  ☐  By leaving a copy with *(name or description):*

   a person of suitable age and discretion, on *(date):*                    at defendant's

   ☐  residence     ☐  business   AND mailing a copy to defendant at defendant's place of residence

   on *(date):*                   because defendant cannot be found at defendant's residence or usual place of business.

   (3)  ☒  By posting a copy on the premises on *(date):*  March 14, 2023

   ☐  AND giving a copy to a  person found residing at the premises AND mailing a copy to defendant at the premises

   on *(date):*

   (a)  ☐  because defendant's residence and usual place of business cannot be ascertained OR

   (b)  ☒  because no person of suitable age or discretion can be found there.

   (4)  ☐  *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):*

   (5)  ☐  *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties

   b.  ☐  *(Name):*

   was served on behalf of all defendants who signed a joint written rental agreement.

   c.  ☒  *Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.*

   d.  ☒  *Proof of service of the notice in item 9a is attached and labeled Exhibit 3.*

11.  ☐  *Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.*

12.  ☐  *At the time the 3-day notice to pay rent or quit was served, the amount of* **rent due** *was  $*

13.  ☒  *The fair rental value of the premises is*  $ 123.29                    per day.

14.  ☐  *Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 14.)*

15.  ☒  *A written agreement between the parties provides for attorney fees.*

16.  ☒  *Defendant's tenancy is subject to the local rent control or eviction control ordinance of  (city or county, title of ordinance, and date of passage):*
   City of San Diego Municipal Code Chapter 9, Article 8, Division 7 titled "Tenants' Right to Know Regulations, added on March 30, 2004

   Plaintiff has met all applicable requirements of the ordinances.

17.  ☒  *Other allegations are stated in Attachment 17.*

18.  Plaintiff accepts the jurisdictional limit, if any, of the court.

**COMPLAINT—UNLAWFUL DETAINER**

| PLAINTIFF:  Jeffrey Cameron | CASE NUMBER: |
|---|---|
| DEFENDANT:  Kennan E. Kaeder | |

19. **PLAINTIFF REQUESTS**

a.  possession of the premises.

b.  costs incurred in this proceeding:

c.  [ ] past-due rent of $

d.  [✱] reasonable attorney fees.

e.  [✱] forfeiture of the agreement.

f.  [ ] damages in the amount of waived rent or relocation assistance as stated in item 8: $

g.  [ ] damages at the rate stated in item 13 from
*date:*
for each day that defendants remain in possession through entry of judgment.

h.  [ ] statutory damages up to $600 for the conduct alleged in item 14.

i.  [✱] other *(specify):*
For such other relief as the Court deems fair and proper

20. [✱] Number of pages attached *(specify):*    23

## UNLAWFUL DETAINER ASSISTANT  (Bus. & Prof. Code, §§ 6400–6415)

21. [✱] *(Complete in all cases.)* An unlawful detainer assistant [✱] did **not**   [ ] did
for compensation give advice or assistance with this form. (*If declarant has received* **any** *help or advice for pay from an unlawful detainer assistant, complete a–f.*)

a.  Assistant's name:

b.  Street address, city, and zip code:

c.  Telephone no.:

d.  County of registration:

e.  Registration no.:

f.  Expires on *(date):*

Date: April 11, 2023

_____
Kent L. Sharp, Esq.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 11, 2023

_____
Jeffrey S. Cameron
(TYPE OR PRINT NAME)

▶ DocuSigned by:
*Jeffrey Cameron*
38046920A7CC494...
(SIGNATURE OF PLAINTIFF)

EXHIBIT A - 4/21

For your protection and privacy, please press the Clear This Form button after you have printed the form.

 Print this form

 Save this form

Clear this form

MC-025

| SHORT TITLE: Jeffrey S. Cameron v. Kennan E. Kaeder | CASE NUMBER: |
|---|---|

**ATTACHMENT** (Number): <u>10c</u>
(This Attachment may be used with any Judicial Council form.)

Page 1 of 1
(Add pages as required)

1

2       Defendant Kennan E. Kaeder was served with a 3-Day Notice to Perform Covenant (Cure) or Quit on

3 March 2, 2023.  Service was effectuated by posting said Notice in a conspicuous place on the real property more

4 commonly known as 645 Front Street, Unit 707, San Diego, California 92101 and thereafter by mailing a copy of

5 said Notice by first class mail, postage pre-paid, to 645 Front Street, Unit 707, San Diego, California 92101 on

6 March 3, 2023.  (See the 3-Day Notice to Perform Covenant (Cure) or Quit attached hereto as Exhibit "2" and the

7 Proof of Service for said Notice dated March 3, 2023 attached hereto as Exhibit "3.")

8       Subsequently, Defendant Kennan E. Kaeder was served with a 3-Day Notice to Quit on March 14, 2023.

9 Service was effectuated by posting said Notice in a conspicuous place on the real property more commonly known

10 as 645 Front Street, Unit 707, San Diego, California 92101 and thereafter by mailing a copy of said Notice by first

11 class mail, postage pre-paid, to 645 Front Street, Unit 707, San Diego, California 92101 on March 24, 2023.  (See

12 the 3-Day Notice to Quit attached hereto as Exhibit "2" and the Proof of Service for said Notice dated March 24,

13 2023 attached hereto as Exhibit "3.")

14

15

16

17

18

19

20

21

22

23

24

25

26

27 (If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
to Judicial Council Form

www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com
EXHIBIT "A" - 5/27

MC-025

| SHORT TITLE: Jeffrey S. Cameron v. Kennan E. Kaeder | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* 17          Page 1 of 3
*(This Attachment may be used with any Judicial Council form.)*     *(Add pages as required)*

1) Tenant has failed to maintain all mechanical and plumbing fixtures including, but not limited to, the HVAC system which has been damaged as a result of Tenant's smoking and smoke discharge upon the premises.  Tenant failed to timely notify the Landlord of the HVAC damage and plumbing leaks at the premises, and Tenant's continual use of the washing machine, which was leaking water from the wall outlet, resulted in significant and extensive water damage to the hardwood floors.

Section 11 of the Lease Agreement states, as follows:

"11. MAINTENANCE USE AND REPORTING:

A. Tenant shall properly use, operate and safeguard Premises, including, if applicable, any landscaping, furniture, furnishings and appliances, and all mechanical, electrical, gas and plumbing fixtures, carbon monoxide devices and smoke alarms, and keep them and the Premises clean, sanitary and well ventilated. Tenant shall be responsible for checking and maintaining all carbon monoxide detectors and any additional phone lines beyond the one line and jack that Landlord shall provide and maintain. Tenant shall immediately notify Landlord, in writing, of any problem, malfunction or damage with any item including carbon monoxide devices and smoke alarms on the property. Tenant shall be charged for all damage to Premises as a result of failure to report a problem in a timely manner. Tenant shall be charged for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots invading sewer lines."

Tenant's acts and omissions, as described above, are a violation of Section 11 of the Lease Agreement.

2) Tenant maintains a dog at the premises in violation of the lease.

Section 13 of the Lease Agreement states, as follows:

////

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

EXHIBIT A - 6 / 27

MC-025

| SHORT TITLE: Jeffrey S. Cameron v. Kennan E. Kaeder | CASE NUMBER: |
|---|---|

**ATTACHMENT** (Number): <u>17</u>
*(This Attachment may be used with any Judicial Council form.)*

Page 2 of 3
*(Add pages as required)*

"13. PETS: Unless otherwise provided in California Civil Code §54.2, no animal or pet shall be kept on or about the Premises without Landlord's prior written consent."

      Tenant has maintained a dog at the premises and that is a violation of Section 13 of the Lease Agreement.

3) Tenant repeatedly and continuously smokes and discharges other air-born particulate matter in the premises and into the common area of the homeowners association.  Tenant has been given multiple notices to cease such activity and Tenant refuses to comply.

      Section 14 of the Lease Agreement states, as follows:

"14. NO SMOKING: No smoking of any substance is allowed in the Premises or common areas. If smoking does occur on the Premises or common areas, (i) Tenant is responsible for all damage caused by smoking including, but not limited to stains, burns, odors and removal of debris; (ii) Tenant is in breach of this Agreement; (iii) Tenant, guests, and all others may be required to leave the Premises; and (iv) Tenant acknowledges that in order to remove odor caused by smoking, Landlord may been to replace carpet and drapes and paint the entire premises regardless of when items were last cleaned, replaced, or repainted. Such actions and other necessary steps will impact the return of any security deposit. The Premises or common area may be subject to a local non-smoking ordinance."

      Tenant's smoking of nicotine products, purported burning of sage, and any and all other discharge of other air-born particulate matter in the premises and into the common area of the homeowners association is a violation of the Lease Agreement.

////

////

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkFlow.com
EXHIBIT A - 7 / 27

MC-025

| SHORT TITLE: Jeffrey S. Cameron v. Kennan E. Kaeder | CASE NUMBER: |
|---|---|

**ATTACHMENT** (Number): <u>17</u>
(This Attachment may be used with any Judicial Council form.)

Page 3 of 3
(Add pages as required)

4) Tenant has violated and is continually and repeatedly violating the homeowners association covenants, conditions and restrictions and/or bylaws, and/or rules and regulations.

Section 16 of the Lease Agreement states, as follows:

"16. CONDOMINIUM; PLANNED UNIT DEVELOPMENT:

A. The Premises are a unit in a condominium, planned unit development, common interest subdivision or other development governed by a homeowners' association ("HOA"). The name of the HOA is RENAISSANCE HOA. Tenant agrees to comply with all HOA covenants, conditions and restrictions, bylaws, rules and regulations and decisions ("HOA Rules"). Landlord shall provide Tenant copies of HOA Rules, if any. Tenant shall reimburse Landlord for any fines or charges imposed by HOA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant.

The Plaintiff (Landlord) provided a copy of the HOA Rules on February 15, 2016.  Tenant's smoking of nicotine products, purported burning of sage, and any and all other discharge of other air-born particulate matter in the premises and into the common area of the homeowners association is a violation of the Lease Agreement and the HOA Rules.  Tenant has been provided multiple notices to cease said activity and yet continues to discharge from the premises an air pollutant which, according to neighbors' complaints, building maintenance staff, and property management staff, resembles the smell of cigarette smoke.  Tenant's said activity is a violation of HOA Rule 6.7 which states, "No air pollutants or contaminants sufficient to create a nuisance should be discharged at any time."

5) In addition to the above specific Lease breaches/violations, Tenant has also maintained and/or committed a nuisance upon the Premises by smoking and the discharge of other smoke.  (Code of Civ. Proc., § 1161(4).)

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
to Judicial Council Form

www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A, pg. 27

# EXHIBIT "1"

# Lease Renewal Agreement

**Parties**

This Lease Renewal Agreement (hereinafter referred to as "Renewal Agreement") is made and entered into on 3/1/2022 by and between Jeffrey Cameron, of 521 S. Nardo Ave, Solana Beach, California, 92075 (hereinafter called the "Lessor") and Kennan Kaeder (hereinafter called the "Lessee"), tenant of the premises named below ("Premises").

**Premises**

Address: 645 Front St. Unit 707, San Diego, California 92101.
Type: Condo

**Original Lease**

Lessor and Lessee had entered into a lease agreement for the Premises described above on February 15, 2016 (the "Original Lease"). The Original Lease expires on February 15, 2017. All terms, conditions, and provisions of the said Original Lease are hereby incorporated by attachment (as Exhibit A).

WHEREAS, Lessor and Lessee desire at this time to further extend and amend said Original Lease as hereinafter set forth.

WHEREAS, it is therefore mutually agreed that the Original Lease shall be further extended and amended as follows:

**Renewal Terms and Conditions**

That Lessor and Lessee hereby agree to extend the Original Lease for a further term of 12 months, canceling the existing month-to-month lease extension agreement. The renewal lease will begin on March 1, 2022 and end on February 28, 2023 (herein referred to as the "Renewal Term").

The Lessee shall pay a monthly rental of $3,750.00 (5.6% increase) for each and every calendar month throughout the Renewal Term. The Lessee has already paid up through February 28, 2022 so first payment discussed above will begin March 1, 2022.

For the Renewal Term Lessee agrees to pay Lessor the above agreed rent per month on or before the first day of each month. Per section 6 in the Original Lease rent paid after 5 days of the due date is considered late. Upon a late payment the Tenant shall pay the Landlord, an additional sum of 10% ($375) of the rent payment. A 10% charge will continue to be assessed each month until Tenant has paid 100% of all past and present rent payments on or before the 5th day of the month.

Replacement costs of light bulbs, water filters, and air filters are the responsibility of the Lessee.

All of the terms and provisions of said Original Lease except as herein modified, are to remain in full force and effect and are made a part of this Renewal Agreement.

_____          _____
Jeffrey Cameron ("Lessor")                                                              Date

_____          _____
                                                                                            03/04/2022
Kennan Kaeder ("Lessee")                                                              Date

**Exhibit A**

**[Following 8 pages – Original Lease Agreement]**

# CALIFORNIA ASSOCIATION OF REALTORS®

## RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT
### (C.A.R. Form LR, Revised 12/15)

Date _1/16/2016_   _JEFFREY S CAMERON_ ("Landlord") and
_KENNAN E KAEDER_ ("Tenant") agree as follows:

1. **PROPERTY:**
   A. Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: _645 Front Street #707, San Diego, CA  92101_ ("Premises").
   B. The Premises are for the sole use as a personal residence by the following named person(s) only: _KENNAN E KAEDER_
   C. The following personal property, maintained pursuant to paragraph 11, is included: _____ or ☐ (if checked) the personal property on the attached addendum.
   D. The Premises may be subject to a local rent control ordinance _____

2. **TERM:** The term begins on (date) _2/15/2016_ ("Commencement Date"), **(Check A or B):**
   ☐ A. **Month-to-Month:** and continues as a month-to-month tenancy. Tenant may terminate the tenancy by giving written notice at least 30 days prior to the intended termination date. Landlord may terminate the tenancy by giving written notice as provided by law. Such notices may be given on any date.
   ☒ B. **Lease:** and shall terminate on (date) _2/15/2017_ at _12:00_ ☒ AM/ ☐ PM. Tenant shall vacate the Premises upon termination of the Agreement, unless: (i) Landlord and Tenant have extended this Agreement in writing or signed a new agreement, (ii) mandated by local rent control law; or (iii) Landlord accepts Rent from Tenant (other than past due Rent), in which case a month-to-month tenancy shall be created which either party may terminate as specified in paragraph 2A. Rent shall be at a rate agreed to by Landlord and Tenant, or as allowed by law. All other terms and conditions of this Agreement shall remain in full force and effect.

3. **RENT:** "Rent" shall mean all monetary obligations of Tenant to Landlord under the terms of the Agreement, except security deposit.
   A. Tenant agrees to pay $ _3300_ per month for the term of the Agreement.
   B. Rent is payable in advance on the **1st (or** _____ **) day** of each calendar month, and is delinquent on the next day.
   C. If Commencement Date falls on any day other than the day Rent is payable under paragraph 3B, and Tenant has paid one full month's Rent in advance of Commencement Date, Rent for the second calendar month shall be prorated and Tenant shall pay 1/30th of the monthly rent per day for each day remaining in prorated second month.
   D. PAYMENT: Rent shall be paid by ☒ personal check, ☐ money order, ☐ cashier's check, or ☐ other _PayPal_ , to
      (name) _JEFFREY S CAMERON_ (phone) _858 652 2015_ at
      (address) _241 S SIERRA AVE SOLANA BEACH CA 92075_ , (or
      at any other location subsequently specified by Landlord in writing to Tenant) (and ☐ if checked, rent may be paid personally, between the hours
      of _____ and _____ on the following days _____ ). If any payment
      is returned for non-sufficient funds ("NSF") or because tenant stops payment, then, after that: (i) Landlord may, in writing, require Tenant to pay Rent in cash for three months and (ii) all future Rent shall be paid by ☐ money order, or ☒ cashier's check.
   E. Rent payments received by Landlord shall be applied to the earliest amount(s) due or past due.

4. **SECURITY DEPOSIT:**
   A. Tenant agrees to pay $ _3,300_ as a security deposit. Security deposit will be ☒ transferred to and held by the Owner of the Premises, or ☐ held in Owner's broker's trust account.
   B. All or any portion of the security deposit may be used, as reasonably necessary, to: (i) cure Tenant's default in payment of Rent (which includes Late Charges, NSF fees or other sums due); (ii) repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest or licensee of Tenant; (iii) clean Premises, if necessary, upon termination of the tenancy; and (iv) replace or return personal property or appurtenances. **SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT.** If all or any portion of the security deposit is used during the tenancy, Tenant agrees to reinstate the total security deposit within five days after written notice is delivered to Tenant. Within 21 days after Tenant vacates the Premises, Landlord shall: **(1)** furnish Tenant an itemized statement indicating the amount of any security deposit received and the basis for its disposition and supporting documentation as required by California Civil Code § 1950.5(g); and **(2)** return any remaining portion of the security deposit to Tenant.
   C. Security deposit will not be returned until all Tenants have vacated the Premises and all keys returned. Any security deposit returned by check shall be made out to all Tenants named on this Agreement, or as subsequently modified.
   D. No interest will be paid on security deposit unless required by local law.
   E. If the security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If the security deposit is held in Owner's Broker's trust account, and Broker's authority is terminated before expiration of this Agreement, and security deposit is released to someone other than Tenant, then Broker shall notify Tenant, in writing, where and to whom security deposit has been released. Once Tenant has been provided such notice, Tenant agrees not to hold Broker responsible for the security deposit.

5. **MOVE-IN COSTS RECEIVED/DUE:** Move-in funds made payable to _JEFFREY S CAMERON_
   shall be paid by ☒ personal check, ☐ money order, or ☐ cashier's check.

| Category | Total Due | Payment Received | Balance Due | Date Due |
|---|---|---|---|---|
| Rent from _2/15/2016_ to _2/29/2016_ (date) | 1650 | | | |
| *Security Deposit | 3300 | | | |
| Other _____ | N/A | | | |
| Other _____ | N/A | | | |
| Total | 4950 | | | |

*The maximum amount Landlord may receive as security deposit, however designated, cannot exceed two months' Rent for unfurnished premises, or three months' Rent for furnished premises.

Tenant's Initials ( _KK_ )( _____ )      Landlord's Initials ( _JC_ )( _____ )

© 2015, California Association of REALTORS®, Inc.

**LR REVISED 12/15 (PAGE 1 OF 6)**
### RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 1 OF 6)

Mission Equity Management, 11770 Warner Ave, Ste 223 Fountain Valley, CA 92708      Phone: 714-442-2476      Fax: 619-342-7702      Cameron - Lease
Kent Christensen      Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Premises: *645 Front Street #707, San Diego, CA  92101*                                    Date: 1/16/2016

**6. LATE CHARGE; RETURNED CHECKS:**

A. Tenant acknowledges either late payment of Rent or issuance of a returned check may cause Landlord to incur costs and expenses, the exact amounts of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of Rent due from Tenant is not received by Landlord within 5 (or ☐ _____ ) **calendar days** after the date due, or if a check is returned, Tenant shall pay to Landlord, respectively, an additional sum of $ _____     or    10 % of the Rent due as a Late Charge and $25.00 as a NSF fee for the first returned check and $35.00 as a NSF fee for each additional returned check, either or both of which shall be deemed additional Rent.

B. Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of Rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall not be deemed an extension of the date Rent is due under paragraph 3 or prevent Landlord from exercising any other rights and remedies under this Agreement and as provided by law.

**7. PARKING: (Check A or B)**

☒A. Parking is permitted as follows: A DESIGNATED 2 CAR TANDEM PARKING SPOT

The right to parking ☒is ☐ is not included in the Rent charged pursuant to paragraph 3. If not included in the Rent, the parking rental fee shall be an additional $ _____ per month. Parking space(s) are to be used for parking properly licensed and operable motor vehicles, except for trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be kept clean. Vehicles leaking oil, gas or other motor vehicle fluids shall not be parked on the Premises. Mechanical work or storage of inoperable vehicles is not permitted in parking space(s) or elsewhere on the Premises.

OR ☐ B. Parking is not permitted on the Premises.

**8. STORAGE: (Check A or B)**

☒A. Storage is permitted as follows: A DESIGNATED STORAGE CAGE

The right to separate storage space ☒is ☐ is not included in the Rent charged pursuant to paragraph 3. If not included in the Rent, storage space fee shall be an additional $ _____ per month. Storage space shall be used to store only personal property Tenant owns, and shall not store property claimed by another or in which another has any right, title or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, hazardous waste or other inherently dangerous material, or illegal substances.

OR ☐ B. Except for Tenant's personal property, contained entirely within the Premises, storage is not permitted on the Premises.

**9. UTILITIES:** Tenant agrees to pay for all utilities and services, and the following charges: N/A

except _____ N/A _____ , which shall be paid for by Landlord. If any utilities are not separately metered, Tenant shall pay Tenant's proportional share, as reasonably determined and directed by Landlord. If utilities are separately metered, Tenant shall place utilities in Tenant's name as of the Commencement Date. Landlord is only responsible for installing and maintaining one usable telephone jack and one telephone line to the Premises. Tenant shall pay any cost for conversion from existing utilities service provider.

**10. CONDITION OF PREMISES:** Tenant has examined Premises and, if any, all furniture, furnishings, appliances, landscaping and fixtures, including smoke detector(s).

**(Check all that apply:)**

☐ A. Tenant acknowledges these items are clean and in operable condition, with the following exceptions: ~~XXXXXX~~ ~~XXXXXXXXXXX~~ ~~XXX XXX XXXXXXX XXXX~~ JC

☐ B. Tenant's acknowledgment of the condition of these items is contained in an attached statement of condition (C.A.R. Form MIMO).

☐ C. (i) Landlord will Deliver to Tenant a statement of condition (C.A.R. Form MIMO) ☐ within **3 days** after execution of this Agreement; ☐ prior to the Commencement Date; ☐ within **3 days** after the Commencement Date.

(ii) Tenant shall complete and return the MIMO to Landlord within **3 (or** ☐ _____ **) days** after Delivery. Tenant's failure to return the MIMO within that time shall conclusively be deemed Tenant's Acknowledgement of the condition as stated in the MIMO.

☒ D. Tenant will provide Landlord a list of items that are damaged or not in operable condition within **3 (or** ☐ _____ **) days** after Commencement Date, not as a contingency of this Agreement but rather as an acknowledgement of the condition of the Premises.

☐ E. Other: _____

**11. MAINTENANCE USE AND REPORTING:**

A. Tenant shall properly use, operate and safeguard Premises, including if applicable, any landscaping, furniture, furnishings and appliances, and all mechanical, electrical, gas and plumbing fixtures, carbon monoxide devices and smoke alarms, and keep them and the Premises clean, sanitary and well ventilated. Tenant shall be responsible for checking and maintaining all carbon monoxide detectors and any additional phone lines beyond the one line and jack that Landlord shall provide and maintain. Tenant shall immediately notify Landlord, in writing, of any problem, malfunction or damage with any item including carbon monoxide devices and smoke alarms on the property. Tenant shall be charged for all repairs or replacements caused by Tenant, pets, guests or licensees of Tenant, excluding ordinary wear and tear. Tenant shall be charged for all damage to Premises as a result of failure to report a problem in a timely manner. Tenant shall be charged for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots invading sewer lines.

B. ☐ Landlord ☒ Tenant shall water the garden, landscaping, trees and shrubs, except: _____

C. ☐ Landlord ☒ Tenant shall maintain the garden, landscaping, trees and shrubs, except: _____

D. ☐ Landlord ☐ Tenant shall maintain _____

E. Landlord and Tenant agree that State or local water use restrictions shall supersede any obligation of Landlord or Tenant to water or maintain any garden, landscaping, trees or shrubs pursuant to 11B, 11C, and 11D.

F. Tenant's failure to maintain any item for which Tenant is responsible shall give Landlord the right to hire someone to perform such maintenance and charge Tenant to cover the cost of such maintenance.

G. The following items of personal property are included in the Premises without warranty and Landlord will ~~xx~~ maintain, repair or replace them: WASHER & DRYER / REFRIGERATON / DISHWASHER / 2 OVENS / STOVE .

Tenant's Initials ( *KK* )( _____ )          Landlord's Initials ( JC )( _____ )

**LR REVISED 12/15 (PAGE 2 OF 6)**

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 2 OF 6)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          Cameron - Lease

Premises: *645 Front Street #707, San Diego, CA  92101*                                                                 Date: 1/16/2016

12. **NEIGHBORHOOD CONDITIONS:** Tenant is advised to satisfy him or herself as to neighborhood or area conditions, including schools, proximity and adequacy of law enforcement, crime statistics, proximity of registered felons or offenders, fire protection, other governmental services, availability, adequacy and cost of any wired, wireless internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, cemeteries, facilities and condition of common areas, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Tenant.

13. **PETS:** Unless otherwise provided in California Civil Code §54.2, no animal or pet shall be kept on or about the Premises without Landlord's prior written consent, ☐ except as agreed to in the attached Pet Addendum (C.A.R. Form PET).

14. ☒ (If checked) **NO SMOKING:** No smoking of any substance is allowed on the Premises or common areas. If smoking does occur on the Premises or common areas, (i) Tenant is responsible for all damage caused by the smoking including, but not limited to stains, burns, odors and removal of debris; (ii) Tenant is in breach of this Agreement; (iii) Tenant, guests, and all others may be required to leave the Premises; and (iv) Tenant acknowledges that in order to remove odor caused by smoking, Landlord may need to replace carpet and drapes and paint the entire premises regardless of when these items were last cleaned, replaced, or repainted. Such actions and other necessary steps will impact the return of any security deposit. The Premises or common areas may be subject to a local non-smoking ordinance.

15. **RULES/REGULATIONS:**
    A. Tenant agrees to comply with all Landlord rules and regulations that are at any time posted on the Premises or delivered to Tenant. Tenant shall not, and shall ensure that guests and licensees of Tenant shall not, disturb, annoy, endanger or interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, including, but not limited to, using, manufacturing, selling, storing or transporting illicit drugs or other contraband, or violate any law or ordinance, or commit a waste or nuisance on or about the Premises.
    B. (If applicable, check one)
       ☐ 1. Landlord shall provide Tenant with a copy of the rules and regulations within _____ days or _____.
    OR ☐ 2. Tenant has been provided with, and acknowledges receipt of, a copy of the rules and regulations.

16. ☒ (If checked) **CONDOMINIUM; PLANNED UNIT DEVELOPMENT:**
    A. The Premises are a unit in a condominium, planned unit development, common interest subdivision or other development governed by a homeowners' association ("HOA"). The name of the HOA is RENAISSANCE HoA . Tenant agrees to comply with all HOA covenants, conditions and restrictions, bylaws, rules and regulations and decisions ("HOA Rules"). Landlord shall provide Tenant copies of HOA Rules, if any. Tenant shall reimburse Landlord for any fines or charges imposed by HOA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant.
    B. (Check one)
       ☒ 1. Landlord shall provide Tenant with a copy of the HOA Rules within _____ days
         or 2/15/2016 .
    OR ☐ 2. Tenant has been provided with, and acknowledges receipt of, a copy of the HOA Rules.

17. **ALTERATIONS; REPAIRS:** Unless otherwise specified by law or paragraph 29C, without Landlord's prior written consent, (i) Tenant shall not make any repairs, alterations or improvements in or about the Premises including: painting, wallpapering, adding or changing locks, installing antenna or satellite dish(es), placing signs, displays or exhibits, or using screws, fastening devices, large nails or adhesive materials; (ii) Landlord shall not be responsible for the costs of alterations or repairs made by Tenant; (iii) Tenant shall not deduct from Rent the costs of any repairs, alterations or improvements; and (iv) any deduction made by Tenant shall be considered unpaid Rent.

18. **KEYS; LOCKS:**
    A. Tenant acknowledges receipt of (or Tenant will receive ☐ prior to the Commencement Date, or ☐ _____ ):
       ☒ 2 key(s) to Premises,                              ☒ 2 remote control device(s) for garage door/gate opener(s),
       ☒ 2 key(s) to mailbox,                               _____
       ☒ 2 key(s) to common area(s),                        _____
    B. Tenant acknowledges that locks to the Premises ☐ have, ☒ have not, been re-keyed.
    C. If Tenant re-keys existing locks or opening devices, Tenant shall immediately deliver copies of all keys to Landlord. Tenant shall pay all costs and charges related to loss of any keys or opening devices. Tenant may not remove locks, even if installed by Tenant.

19. **ENTRY:**
    A. Tenant shall make Premises available to Landlord or Landlord's representative for the purpose of entering to make necessary or agreed repairs, (including, but not limited to, installing, repairing, testing, and maintaining smoke detectors and carbon monoxide devices, and bracing, anchoring or strapping water heaters), decorations, alterations, or improvements, or to supply necessary or agreed services, or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, or contractors.
    B. Landlord and Tenant agree that 24-hour written notice shall be reasonable and sufficient notice, except as follows: (1) 48-hour written notice is required to conduct an inspection of the Premises prior to the Tenant moving out, unless the Tenant waives the right to such notice. (2) If Landlord has in writing informed Tenant that the Premises are for sale and that Tenant will be notified orally to show the premises (C.A.R. Form NSE), then, for the next 120 days following the delivery of the NSE, notice may be given orally to show the Premises to actual or prospective purchasers. (3) No written notice is required if Landlord and Tenant orally agree to an entry for agreed services or repairs if the date and time of entry are within one week of the oral agreement. (4) No notice is required: (i) to enter in case of an emergency; (ii) if the Tenant is present and consents at the time of entry; or (iii) if the Tenant has abandoned or surrendered the Premises.
    C. ☐ (If checked) Tenant authorizes the use of a keysafe/lockbox to allow entry into the Premises and agrees to sign a keysafe/lockbox addendum (C.A.R. Form KLA).

20. ~~SIGNS:~~ ~~Tenant authorizes Landlord to place FOR SALE/LEASE signs on the Premises.~~ ✗

21. **ASSIGNMENT; SUBLETTING:** Tenant shall not sublet all or any part of Premises, or assign or transfer this Agreement or any interest in it, without Landlord's prior written consent. Unless such consent is obtained, any assignment, transfer or subletting of Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law or otherwise, shall, at the option of Landlord, terminate this Agreement. Any proposed assignee, transferee or sublessee shall submit to Landlord an application and credit information for Landlord's approval and, if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one assignment, transfer or sublease, shall not be construed as consent to any subsequent assignment, transfer or sublease and does not release Tenant of Tenant's obligations under this Agreement.

Tenant's Initials ( KK )( _____ )                                    Landlord's Initials ( JC )( _____ )

**LR REVISED 12/15 (PAGE 3 OF 6)**

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 3 OF 6)**

Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com                    Cameron - Lease

Premises: 645 Front Street #707, San Diego, CA 92101                                            Date: 1/16/2016

22. **JOINT AND INDIVIDUAL OBLIGATIONS:** If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this Agreement, jointly with every other Tenant, and individually, whether or not in possession.

23. ☐  **LEAD-BASED PAINT (If checked):** Premises were constructed prior to 1978. In accordance with federal law, Landlord gives and Tenant acknowledges receipt of the disclosures on the attached form (C.A.R. Form FLD) and a federally approved lead pamphlet.

24. ☐  **MILITARY ORDNANCE DISCLOSURE:** (If applicable and known to Landlord) Premises are located within one mile of an area once used for military training, and may contain potentially explosive munitions.

25. ☐  **PERIODIC PEST CONTROL:** Landlord has entered into a contract for periodic pest control treatment of the Premises and shall give Tenant a copy of the notice originally given to Landlord by the pest control company.

26. ☐  **METHAMPHETAMINE CONTAMINATION:** Prior to signing this Agreement, Landlord has given Tenant a notice that a health official has issued an order prohibiting occupancy of the property because of methamphetamine contamination. A copy of the notice and order are attached.

27. **MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Landlord nor Brokers, if any, are required to check this website. If Tenant wants further information, Tenant should obtain information directly from this website.)

28. **POSSESSION:**

   A. Tenant is not in possession of the Premises. If Landlord is unable to deliver possession of Premises on Commencement Date, such Date shall be extended to the date on which possession is made available to Tenant. If Landlord is unable to deliver possession within **5 (or ☐** _____ **) calendar days** after agreed Commencement Date, Tenant may terminate this Agreement by giving written notice to Landlord, and shall be refunded all Rent and security deposit paid. Possession is deemed terminated when Tenant has returned all keys to the Premises to Landlord.

   B. ☐ Tenant is already in possession of the Premises.

29. **TENANT'S OBLIGATIONS UPON VACATING PREMISES:**

   A. Upon termination of this Agreement, Tenant shall: **(i)** give Landlord all copies of all keys or opening devices to Premises, including any common areas; **(ii)** vacate and surrender Premises to Landlord, empty of all persons; **(iii)** vacate any/all parking and/or storage space; **(iv)** clean and deliver Premises, as specified in paragraph C below, to Landlord in the same condition as referenced in paragraph 10; **(v)** remove all debris; **(vi)** give written notice to Landlord of Tenant's forwarding address; and **(vii)**

   B. All alterations/improvements made by or caused to be made by Tenant, with or without Landlord's consent, become the property of Landlord upon termination. Landlord may charge Tenant for restoration of the Premises to the condition it was in prior to any alterations/improvements.

   C. **Right to Pre-Move-Out Inspection and Repairs: (i)** After giving or receiving notice of termination of a tenancy (C.A.R. Form NTT), or before the end of a lease, Tenant has the right to request that an inspection of the Premises take place prior to termination of the lease or rental (C.A.R. Form NRI). If Tenant requests such an inspection, Tenant shall be given an opportunity to remedy identified deficiencies prior to termination, consistent with the terms of this Agreement. **(ii)** Any repairs or alterations made to the Premises as a result of this inspection (collectively, "Repairs") shall be made at Tenant's expense. Repairs may be performed by Tenant or through others, who have adequate insurance and licenses and are approved by Landlord. The work shall comply with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. **(iii)** Tenant shall: **(a)** obtain receipts for Repairs performed by others; **(b)** prepare a written statement indicating the Repairs performed by Tenant and the date of such Repairs; and **(c)** provide copies of receipts and statements to Landlord prior to termination. Paragraph 29C does not apply when the tenancy is terminated pursuant to California Code of Civil Procedure § 1161(2), (3) or (4).

30. **BREACH OF CONTRACT; EARLY TERMINATION:** In addition to any obligations established by paragraph 29, in the event of termination by Tenant prior to completion of the original term of the Agreement, Tenant shall also be responsible for lost Rent, rental commissions, advertising expenses and painting costs necessary to ready Premises for re-rental. Landlord may withhold any such amounts from Tenant's security deposit.

31. **TEMPORARY RELOCATION:** Subject to local law, Tenant agrees, upon demand of Landlord, to temporarily vacate Premises for a reasonable period, to allow for fumigation (or other methods) to control wood destroying pests or organisms, or other repairs to Premises. Tenant agrees to comply with all instructions and requirements necessary to prepare Premises to accommodate pest control, fumigation or other work, including bagging or storage of food and medicine, and removal of perishables and valuables. Tenant shall only be entitled to a credit of Rent equal to the per diem Rent for the period of time Tenant is required to vacate Premises.

32. **DAMAGE TO PREMISES:** If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty that render Premises totally or partially uninhabitable, either Landlord or Tenant may terminate this Agreement by giving the other written notice. Rent shall be abated as of the date Premises become totally or partially uninhabitable. The abated amount shall be the current monthly Rent prorated on a 30-day period. If the Agreement is not terminated, Landlord shall promptly repair the damage, and Rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in Rent shall be made.

33. **INSURANCE:** Tenant's or guest's personal property and vehicles are not insured by Landlord, manager or, if applicable, HOA, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. **Tenant is advised to carry Tenant's own insurance (renter's insurance) to protect Tenant from any such loss or damage.** Tenant shall comply with any requirement imposed on Tenant by Landlord's insurer to avoid: **(i)** an increase in Landlord's insurance premium (or Tenant shall pay for the increase in premium); or **(ii)** loss of insurance.

34. **WATERBEDS/PORTABLE WASHERS:** Tenant shall not use or have waterbeds on the Premises unless: **(i)** Tenant obtains a valid waterbed insurance policy; **(ii)** Tenant increases the security deposit in an amount equal to one-half of one month's Rent; and **(iii)** the bed conforms to the floor load capacity of Premises. Tenant shall not use on the Premises ☒ Portable Dishwasher ☒ Portable Washing Machine.

35. **WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.

Tenant's Initials ( KK )( _____ )                          Landlord's Initials ( X )( _____ )

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 4 OF 6)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                    Cameron - Lease

Premises: 645 Front Street #707, San Diego, CA 92101                                        Date: 1/16/2016

**36  NOTICE:** Notices may be served at the following address, or at any other location subsequently designated:
Landlord: 241 S SIERRA AVE                                Tenant: 645 FRONT ST #707
SOLANA BEACH, CA 92075                                SAN DIEGO, CA 92101

**37. TENANT ESTOPPEL CERTIFICATE:** Tenant shall execute and return a tenant estoppel certificate delivered to Tenant by Landlord or Landlord's agent within **3 days** after its receipt. Failure to comply with this requirement shall be deemed Tenant's acknowledgment that the tenant estoppel certificate is true and correct, and may be relied upon by a lender or purchaser.

**38. REPRESENTATION**
**A.  TENANT REPRESENTATION; OBLIGATIONS REGARDING OCCUPANTS; CREDIT:** Tenant warrants that all statements in Tenant's rental application are accurate. Landlord requires all occupants 18 years of age or older and all emancipated minors to complete a lease rental application. Tenant acknowledges this requirement and agrees to notify Landlord when any occupant of the Premises reaches the age of 18 or becomes an emancipated minor. Tenant authorizes Landlord and Broker(s) to obtain Tenant's credit report periodically during the tenancy in connection with the modification or enforcement of this Agreement. Landlord may cancel this Agreement: **(i)** before occupancy begins; **(ii)** upon disapproval of the credit report(s); or **(iii)** at any time, upon discovering that information in Tenant's application is false. A negative credit report reflecting on Tenant's record may be submitted to a credit reporting agency if Tenant fails to fulfill the terms of payment and other obligations under this Agreement.
**B.  LANDLORD REPRESENTATIONS:** Landlord warrants that, unless otherwise specified in writing, Landlord is unaware of **(i)** any recorded Notices of Default affecting the Premise; **(ii)** any delinquent amounts due under any loan secured by the Premises; and **(iii)** any bankruptcy proceeding affecting the Premises.

**39. MEDIATION:**
**A.**  Consistent with paragraphs B and C below, Landlord and Tenant agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action.
**B.**  The following matters are excluded from mediation: **(i)** an unlawful detainer action; **(ii)** the filing or enforcement of a mechanic's lien; and **(iii)** any matter within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation provision.
**C.**  Landlord and Tenant agree to mediate disputes or claims involving Listing Agent, Leasing Agent or property manager ("Broker"), provided Broker shall have agreed to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to such Broker. Any election by Broker to participate in mediation shall not result in Broker being deemed a party to this Agreement.

**40. ATTORNEY FEES:** In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs, collectively not to exceed $1,000 (or $_____), except as provided in paragraph 39A.

**41. C.A.R. FORM:** C.A.R. Form means the specific form referenced or another comparable form agreed to by the parties.

**42. OTHER TERMS AND CONDITIONS; SUPPLEMENTS:** ☐ Interpreter/Translator Agreement (C.A.R. Form ITA);
☐ Keysafe/Lockbox Addendum (C.A.R. Form KLA);  ☐ Lead-Based Paint and Lead-Based Paint Hazards Disclosure (C.A.R. Form FLD);
☐ Landlord in Default Addendum (C.A.R. Form LID)

The following ATTACHED supplements are incorporated in this Agreement:  ADDENDUM A, ADDENDUM B

**43. TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed except in writing. This Agreement is subject to California landlord-tenant law and shall incorporate all changes required by amendment or successors to such law. This Agreement and any supplement, addendum or modification, including any copy, may be signed in two or more counterparts, all of which shall constitute one and the same writing.

**44. AGENCY:**
**A.  CONFIRMATION:** The following agency relationship(s) are hereby confirmed for this transaction:
Listing Agent: (Print firm name) _____
is the agent of (check one): ☐ the Landlord exclusively; or ☐ both the Landlord and Tenant.
Leasing Agent: (Print firm name) _____
(if not same as Listing Agent) is the agent of (check one): ☐ the Tenant exclusively; or ☐ the Landlord exclusively; or ☐ both the Tenant and Landlord.
**B.  DISCLOSURE:** ☐ (if checked): The term of this lease exceeds one year. A disclosure regarding real estate agency relationships (C.A.R. Form AD) has been provided to Landlord and Tenant, who each acknowledge its receipt.

**45.** ☐  **TENANT COMPENSATION TO BROKER:** Upon execution of this Agreement, Tenant agrees to pay compensation to Broker as specified in a separate written agreement between Tenant and Broker.

**46.** ☐  **INTERPRETER/TRANSLATOR:** The terms of this Agreement have been interpreted for Tenant into the following language: _____. Landlord and Tenant acknowledge receipt of the attached interpreter/translator agreement (C.A.R. Form ITA).

Tenant's Initials ( KK )( _____ )                          Landlord's Initials ( JC )( _____ )

**LR REVISED 12/15 (PAGE 5 OF 6)**
**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 5 OF 6)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com                Cameron - Lease

Premises: 645 Front Street #707, San Diego, CA 92101     Date: 1/16/2016

**47. NOTICE OF RIGHT TO RECEIVE FOREIGN LANGUAGE TRANSLATION OF LEASE/RENTAL AGREEMENTS:** California Civil Code requires a landlord or property manager to provide a tenant with a foreign language translation copy of a lease or rental agreement. If the agreement was negotiated primarily in Spanish, Chinese, Korean, Tagalog or Vietnamese. If applicable, every term of the lease/rental needs to be translated except for, among others, names, dollar amounts and dates written as numerals, and words with no generally accepted non-English translation.

**48. OWNER COMPENSATION TO BROKER:** Upon execution of this Agreement, Owner agrees to pay compensation to Broker as specified in a separate written agreement between Owner and Broker (C.A.R. Form LL or LCA).

**49. RECEIPT:** If specified in paragraph 5, Landlord or Broker, acknowledges receipt of move-in funds.

> Landlord and Tenant acknowledge and agree Brokers: **(a)** do not guarantee the condition of the Premises; **(b)** cannot verify representations made by others; **(c)** cannot provide legal or tax advice; **(d)** will not provide other advice or information that exceeds the knowledge, education or experience required to obtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in this Agreement, Brokers: **(e)** do not decide what rental rate a Tenant should pay or Landlord should accept; and **(f)** do not decide upon the length or other terms of tenancy. Landlord and Tenant agree that they will seek legal, tax, insurance and other desired assistance from appropriate professionals.

Tenant agrees to rent the Premises on the above terms and conditions.

| Tenant | | | | Date 1/20/16 |
|---|---|---|---|---|
| Address | | City | | State ___ Zip ___ |
| Telephone | Fax | E-mail | | |
| Tenant | | | | Date |
| Address | | City | | State ___ Zip ___ |
| Telephone | Fax | E-mail | | |

> ☐ **GUARANTEE:** In consideration of the execution of this Agreement by and between Landlord and Tenant and for valuable consideration, receipt of which is hereby acknowledged, the undersigned ("Guarantor") does hereby: **(i)** guarantee unconditionally to Landlord and Landlord's agents, successors and assigns, the prompt payment of Rent or other sums that become due pursuant to this Agreement, including any and all court costs and attorney fees included in enforcing the Agreement; **(ii)** consent to any changes, modifications or alterations of any term in this Agreement agreed to by Landlord and Tenant; and **(iii)** waive any right to require Landlord and/or Landlord's agents to proceed against Tenant for any default occurring under this Agreement before seeking to enforce this Guarantee.

| Guarantor (Print Name) | | | |
|---|---|---|---|
| Guarantor | | | Date |
| Address | | City | State ___ Zip ___ |
| Telephone | Fax | E-mail | |

Landlord agrees to rent the Premises on the above terms and conditions.

| Landlord | M.S. Cassan | Date 1/16/2016 | Landlord | | Date |
|---|---|---|---|---|---|
| Address | 241 S. SIERRA SOLANA BEACH, CA 92075 | | | | |
| Telephone | Fax | | E-mail | | |

**REAL ESTATE BROKERS:**
**A.** Real estate brokers who are not also Landlord under this Agreement are not parties to the Agreement between Landlord and Tenant.
**B.** Agency relationships are confirmed in paragraph 44.
**C.** **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (Leasing Firm) and Cooperating Broker agrees to accept: **(i)** the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or lease or a reciprocal MLS; or **(ii)** ☐ (if checked) the amount specified in a separate written agreement between Listing Broker and Cooperating Broker.

| Real estate Broker (Listing Firm) | | | CalBRE Lic. # | |
|---|---|---|---|---|
| By (Agent) | | | CalBRE Lic. # | Date |
| Address | | City | State | Zip |
| Telephone | Fax | E-mail | | |

| Real estate Broker (Leasing Firm) | | | CalBRE Lic. # | |
|---|---|---|---|---|
| By (Agent) | | | CalBRE Lic. # | Date |
| Address | | City | State | Zip |
| Telephone | Fax | E-mail | | |

© 2015, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

**LR REVISED 12/15 (PAGE 6 OF 6)**

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 6 OF 6)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com    Cameron - Lease

ADDENDUM A [2 ADDITIONS]

1. UPON RECIEPT OF MOVE-IN COSTS THE TENANT WILL OWN THE LARGE RED PAINTING LOCATED IN THE DINNING ROOM. IF ANYTHING HAPPENS TO THE PAINTING ~~AFTER~~ PRIOR TO MOVE-IN DAY TENANT CANNOT SEEK DAMAGES, BUT RATHER RECEIVE $100 OF OF THE RENT MAKING THE RENT $3,200/MONTH

2. THE LOCKS ON BOTH BATHROOMS WILL BE REPLACED PRIOR TO MOVE IN.

LAND LORD _____    1/20/2016
                    SIGNATURE               DATE

TENANT _____    1/20/16
                    SIGNATURE               DATE

ADDENDUM B [1ADDITION]

① TENANT WILL PAINT WALLS BACK TO ORIGINAL
COLOR~~BEIGE~~, WHITE, UPON MOVING OUT.

LAND LORD _____   1/20/2016
                 SIGNATURE              DATE

TENANT _____   1/20/16
                 SIGNATURE              DATE

# EXHIBIT "2"

# 3 DAY NOTICE TO PERFORM COVENANT (CURE) **OR** QUIT

## (CODE CIV. PROC., § 1161(3)(4))

March 1, 2023

Kennan Kaeder
645 Front Street, Unit 707
San Diego, CA  92101

**TO TENANT(S) AND ALL OTHERS IN POSSESSION OF THE PREMISES LOCATED AT:**

645 Front Street, Unit 707, San Diego, California 92101 (the "Premises")

**PLEASE TAKE NOTICE** that you have breached/violated the following terms in your Lease and/or rental agreement dated March 1, 2022 for the above said Premises:

Lease Section 11: Tenant has have failed to maintain all mechanical and plumbing fixtures including, but not limited to, the HVAC system which has been damaged as a result of Tenant smoking and smoke discharge upon the Premises, failed to timely notify the Landlord of the HVAC damage and plumbing leaks at the Premises, and continual use of the washing machine that was leaking water from the wall outlet resulting in extensive damage to the hardwood floors;

Lease Section 13: Tenant has been maintaining a dog at the Premises in violation of Section 13;

Lease Section 14: Tenant has repeatedly kept smoking and discharging other smoke in the Premises, possibly sage, in violation of Section 14.  Further, Tenant has continued to smoke and discharge other smoke after repeatedly been given notice to cease doing so;

Lease Section 16:  Tenant, after multiple notifications to cease, continues to discharge from the Premises an air pollutant resembling the smell of cigarette smoke according to several neighbor complaints and building maintenance. Regardless of the source of the smoke (cigarette, sage, incense, etc.), based on the many complaints from neighbors, this has become a nuisance and violates the HOA rule 6.7 "No air pollutants or contaminants sufficient to create a nuisance should be discharged at any time."  Subsequently, this violation of the HOA rules violates the lease agreement in Section 16 where Tenant must comply with HOA rules and regulations.

PAGE 1

EXHIBIT A - 21/27

In addition to the above specific Lease breaches/violations, Tenant has also maintained and/or committed a Nuisance upon the Premises by smoking and the discharge of other smoke. (Code Civ. Proc., §1161, subd. (4).)

**PLEASE TAKE FURTHER NOTICE** that within **THREE (3)** days after service of this Notice, you are hereby required to cure the breach of the Lease agreement OR quit the subject Premises, move out, and deliver up possession of the same to Jeffrey S Cameron.  Failure to cure the breach of the lease agreement OR vacate the premises **WITHIN THREE (3)** days as required by this Notice will result in forfeiture of the lease and/or Lease agreement and will institute legal proceedings for an unlawful detainer against you to recover rent, damages, and possession of said Premises.

THIS IS INTENDED AS A **THREE (3)** DAY LEGAL NOTICE FOR THE PURPOSE OF TERMINATING YOUR TENANCY. THIS TERMINATION OF TENANCY IS IN ACCORDANCE WITH CALIFORNIA CODE OF CIVIL PROCEDURE § 1161(3)(4).

LANDLORD RESERVES ALL THE RIGHTS AND REMEDIES PROVIDED UNDER THE RENTAL AGREEMENT AND UNDER APPLICABLE LAWS OF THE STATE OF CALIFORNIA INCLUDING BUT NOT LIMITED TO DAMAGES FOR UNPAID RENT OR PROPERTY AND NOTHING IN THIS NOTICE MAY **BE** CONSTRUED AS A WAIVER OF SUCH RIGHTS AND REMEDIES.


DATED: _March 1, 2023_

SIGNED: _____
KENT L. SHARP, ESQ.
BRIEN J. O'MEARA, ESQ.
La Jolla Law Group
9404 Genesee Ave., Ste. 300
La Jolla, CA 92037
Phone No.: (858) 202-321
Email: kent@lajollalawgroup.com
Email: brien@lajollalawgroup.com
Attorneys for Jeffrey Cameron

<u>**THREE DAY NOTICE TO QUIT**</u>
**(Maintaining a Nuisance – Code Civ. Proc., § 1161(4))**

March 10, 2023

Kennan Kaeder
645 Front Street, Unit 707
San Diego, CA  92101

TO: KENNAN E. KAEDER

PLEASE TAKE NOTICE that you are hereby requested to quit, and deliver up to Jeffrey Cameron, the possession of the premises located at 645 Front Street, Unit 707, San Diego, California 92101 (the "Premises") now held and occupied by you, at the expiration of <u>three days</u>, commencing on Friday, March 10, 2023, and ending on Tuesday, March 14, 2023, or three days (excluding Saturday, Sundays, and other judicial holidays) after service of this Notice upon you, whichever date is later.

The reason for terminating your tenancy is as follows: You have repeatedly smoked and released noxious and offensive air pollutants and/or contaminates within the said Premises despite multiple notifications to cease doing the same.  Additionally, the said smoke and pollutants/contaminates, including but not limited to what is believed to be cigarette/sage/incense, have entered into the common areas of the complex.  You are committing or permitting to exist a Nuisance in the rental unit and to the common areas of the complex containing the rental unit, and are creating an unreasonable interference with the comfort, safety, or enjoyment of other residents of the same building based on the many complaints from neighbors.  Further, you have failed to maintain all mechanical and plumbing fixtures including, but not limited to, the HVAC system which has been damaged as a result of your smoking and smoke discharge upon the Premises, failed to timely notify the Landlord of the HVAC damage and plumbing leaks at the Premises, and you continually used the washing machine that was leaking water from the wall outlet resulting in extensive damage to the hardwood floors.  In addition, you have been maintaining a dog at the Premises.

Page 1

Failure on your part to vacate the Premises within the designated time period could result in legal action being taken against you wherein possession of the subject Premises will be sought, and wherein damages for such things as reasonable value for holdover, court costs, attorneys' fees, etc. may also be sought.

THIS NOTICE IS INTENDED AS A **THREE (3)** DAY LEGAL NOTICE FOR THE PURPOSE OF TERMINATING YOUR TENANCY.  THIS TERMINATION OF TENANCY IS IN ACCORDANCE WITH CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1161(4)

DATED: ___3/10/23___

SIGNED: _____

KENT L. SHARP, ESQ.
ERIC S. CANFIELD, ESQ.
La Jolla Law Group
9404 Genesee Ave., Ste. 300
La Jolla, CA 92037
Phone No.: (858) 202-321
Email: kent@lajollalawgroup.com
Email: eric@lajollalawgroup.com
Attorney for Jeffrey Cameron

Page 2

# EXHIBIT "3"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Kent Sharp, 179468<br>La Jolla Law Group<br>9404 Genesee Avenue, Suite 300<br>La Jolla, CA 92037 | **(858) 202-1321** | |

ATTORNEY FOR (Name): **Plaintiff**

Ref. No. or File No.

Insert name of court, judicial district or branch court, if any:

,

PLAINTIFF:

Jeffrey Cameron

DEFENDANT:

Kennan Kaeder

| **PROOF OF SERVICE** | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>None |
|---|---|---|---|---|

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:

   3 DAY NOTICE TO PERFORM COVENANT (CURE) OR QUIT

2. Party Served:        Kennan Kaeder

3. Date of Posting:        03/02/2023

4. Time of Posting:        3:13PM

5. Date of Mailing:        03/03/2023

6. Place of Mailing:        Petaluma by Sandra Alcala

7. Address, City and State:        645 Front St, 707

        San Diego, CA 92101

8. Manner of Service:        By posting in a conspicuous place on the propery therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said tenants; and mailing a copy by first class mail, postage pre-paid, and depositing said copies in the United States Mail, in a sealed envelope, addressed as stated above. [CCP 1162 (a)(3) and CCP 1162(b)(3) ]

Fee for Service: 190.5

---

Registered California process server.
County:  San Diego
Registration No.:  P121764

Tom Reinhardt
One Legal - P-000618-Sonoma
1400 North McDowell Blvd. Ste 300
Petaluma, CA 94954

415-491-0606

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 03/03/2023 at Petaluma, California.

Signature:

Tom Reinhardt

EXHIBIT A - 26/27

OL#  19927617

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Kent Sharp, 179468<br>La Jolla Law Group<br>9404 Genesee Avenue, Suite 300<br>La Jolla, CA 92037 | (858) 202-1321 | |
| ATTORNEY FOR (Name): Petitioner | Ref. No. or File No. | |

Insert name of court, judicial district or branch court, if any:

Jeffrey Cameron

,

PLAINTIFF:

**Jeffrey Cameron**

DEFENDANT:

**Kennan E. Kaeder**

| **PROOF OF SERVICE** | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>None |
|---|---|---|---|---|

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:
   Three Day Notice to Quit

2. Party Served:            Kennan E. Kaeder

3. Date of Posting:         03/14/2023

4. Time of Posting:         5:42PM

5. Date of Mailing:         03/24/2023

6. Place of Mailing:        Petaluma By Melissa Berry

7. Address, City and State: 645 Front St, 707
   San Diego, CA 92101

8. Manner of Service:       By posting in a conspicuous place on the propery therein described, there being no person of
   suitable age or discretion to be found at any known place of residence or business of said
   tenants; and mailing a copy by first class mail, postage pre-paid, and depositing said copies in
   the United States Mail, in a sealed envelope, addressed as stated above. [CCP 1162 (a)(3)
   and CCP 1162(b)(3) ]

Fee for Service: 140.5

Registered California process server.
County:
Registration No.:

Juan M Perez Guzman
One Legal - P-000618-Sonoma
1400 North McDowell Blvd. Ste 300
Petaluma, CA 94954

415-491-0606

I declare under penalty of perjury under the laws of the United States of
America and the State of California that the foregoing is true and
correct and that this declaration was executed on 03/24/2023 at
Petaluma, California.

Signature: *Juan Perez Guzman*

Juan M Perez Guzman
OL# 19991488

EXHIBIT A - 27/27

# EXHIBIT "B"

La Jolla Law Group
9404 Genesee Avenue, Suite 300
La Jolla, CA 92037
T: 858.202.1321

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| JEFFREY S. CAMERON, | CASE NO. 37-2023-00015554-CL-UD-CTL |
| Plaintiff, | **[PROPOSED] JUDGMENT AFTER TRIAL** |
| v. | |
| KENNAN E. KAEDER; and DOES 1-10, inclusive, | Trial Dates: September 13-14, 2023<br>Time: 9:00 a.m.<br>Dept.: 1604<br>Judge: Hon. Michael D. Washington |
| Defendants. | Complaint Filed: April 14, 2023 |

This cause came on regularly for Trial on September 13 and 14, 2023, in Department 1604 of the above-entitled court, Honorable Michael D. Washington presiding, sitting without a jury.

Plaintiff JEFFREY S. CAMERON ("PLAINTIFF") appeared by Kent L. Sharp, Esq., counsel. Defendant KENNAN E. KAEDER ("DEFENDANT") appeared on behalf of himself *in pro per*. There were no other appearances.

Oral and documentary evidence was presented by all parties. Witnesses on the part of PLAINTIFF were sworn and examined. After hearing the arguments of all parties, both written and oral, as well as the evidence presented, the case was submitted for decision.

////
////
////
////

1

**NOW, THEREFORE, IT IS ADJUDGED, ORDERED, AND DECREED THAT:**

1.    The Court finds in favor of PLAINTIFF JEFFREY S. CAMERON and against DEFENDANT KENNAN E. KAEDER on the Unlawful Detainer Complaint;

2.    PLAINTIFF JEFFREY S. CAMERON is entitled to immediate possession of the subject premises located at 645 Front Street, Unit 707, San Diego, California 92101;

3.    The Residential Lease Agreement, and Lease Renewal Agreement thereto, is forfeited by DEFENDANT KENNAN E. KAEDER; and

4.    PLAINTIFF is the prevailing party and is entitled to recover attorneys' fees and costs of suit as the Court deems appropriate.

DATED: _____          _____

JUDGE OF THE SUPERIOR COURT

La Jolla Law Group
9404 Genesee Avenue, Suite 300
La Jolla, CA 92037
T: 858.202.1321

2

La Jolla Law Group
9404 Genesee Avenue, Suite 300
La Jolla, CA 92037
T: 858.202.1321

**PROOF OF SERVICE**
*Jeffrey S. Cameron v. Kennan E. Kaeder*
*San Diego County Superior Court (Central) Case No. 37-2023-00015554-CL-UD-CTL*

I, STACIE L. RAMMELSBERG, declare:

I am a resident of the State of California and over the age of eighteen (18) years, and not a party to the within action; my business address is La Jolla Law Group, 9404 Genesee Avenue, Suite 300, La Jolla, California 92037.  On September 15, 2023, I served the within document(s) described as:

**[PROPOSED] JUDGMENT AFTER TRIAL**

**x**   By transmitting via **E-SERVICE** the document(s) listed above to the email address(es) set forth below on this date before 5:00 p.m.  Said document(s) are being served **ONLY BY ELECTRONIC TRANSMISSION PURSUANT TO AGREEMENT BY COUNSEL** by e-mailing from e-mail address stacie@lajollalawgroup.com the document(s) to the person(s) at the email address(es) listed.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

Kennan E. Kaeder
Attorney at Law
501 West Broadway, Ste. 800
San Diego, CA 92101
Email: kkaeder@kaederlawoffices.com
Email: kkaeder@cox.net
*Defendant In Pro Per*

Kennan E. Kaeder
645 Front St., Unit 707
San Diego, CA 92101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **September 15, 2023**, at La Jolla, California.

_____
STACIE L. RAMMELSBERG

1

EXHIBIT "C"

1

2

3

4

5

6

7

F I L E D
Clerk of the Superior Court

OCT 1 7 2023

By: M. Acosta, Deputy

8    **Superior Court of California**

9    **County of San Diego**

10

11   **JEFFREY S. CAMERON,**          : Case No. 37-2023-00015554-CL-UD-CTL

12        **PLAINTIFF**               : PROPOSED STATEMENT OF
                                       : DECISION AND PROPOSED
13   **vs**                            : JUDGMENT AFTER COURT TRIAL

14   **KENNAN E. KAEDER, et al.,**

15        **DEFENDANTS**

16

17

18   In this document, the Court announces its proposed statement of decision and proposed

19   judgment. After a Court trial, the Court announced its tentative decision. After the

20   tentative decision, Defendant timely requested that this Court prepare a Statement of

21   Decision as provided by *California Rules of Court, Rule 3.1590(d)*. Either party may,

22   within 15 days of service of the proposed statement of decision judgment, file and serve

23   objections. The statement of decision and judgment confirms the tentative decision of the

24   Court made September 14, 2023.

25

26

27                 Remainder of Page Intentionally Left Blank

28

**PROPOSED STATEMENT OF DECISION AND JUDGMENT**
1 of 8

Relevant Procedural History:

Jeffrey Cameron, Plaintiff filed this at-fault just cause Unlawful Detainer action against his tenant, Kennan Kaeder, Defendant seeking termination of the lease and repossession of the rental property pursuant to *Civil Code sec.* 1946.2(b)(1) on April 14, 2023. Plaintiff alleged that Defendant was in breach of the lease agreement for 1) violating Section 11 of the lease agreement, failure to notify and report to the Landlord any problem related to the mechanical, electrical or plumbing fixtures of the premises, 2) violating Section 13 of the lease agreement, by maintaining a dog on premises without the Landlord's prior consent, 3) violating Section 14 of the lease agreement, by smoking or discharging other airborne particulate matter into the common areas of the homeowners association and 4) violating Section 16 of the lease agreement, by violating the homeowners association covenants, conditions and restrictions and/or bylaws, and 5) creating a nuisance upon the premises by smoking and discharging other smoke. Defendant filed a Demurrer on May 17, 2023, stating that Plaintiff failed a state a cause of action upon which relief could be granted. Defendant's Demurrer was heard and denied by Commissioner Meyerowitz on July 7, 2023. Defendant filed his Answer on July 17, 2023, denying all allegations and asserting the affirmative defenses that 1) Plaintiff waived or canceled the notice to quit, 2) Plaintiff served the notice to quit in retaliation against the Defendant, 3) Plaintiff was arbitrarily discriminating against Defendant in violation of the United States or California constitutions, 4) Plaintiff's demand for possession violated the Tenant Protection Act of 2019 by a) failing to state a just cause for termination in the written notice to terminate, b) failure to provide an opportunity to cure any alleged violations of the terms or conditions of the lease c) failing to comply with relocation assistance requirements, d) violated the Tenant Protection Act in some other way that defeats the complaint, 5) Plaintiff did not serve the general notice of rights under the COVID-19 Tenant Relief

**PROPOSED STATEMENT OF DECISION AND JUDGMENT**
2 of 8

Act, 6) Plaintiff violated the COVID-19 Tenant Relief Act in some other way, and 7) Plaintiff committed actionable elder abuse against Defendant.

On July 24, Plaintiff filed a Request to Set Case for Trial and a Request for Dismissal of Does 1 to 10, as listed in the complaint. On August 4, 2023, Commission Meyerowitz heard Defendant's motion to continue the trial. She vacated the August 8, 2023 trial date and set a new trial date of September 8, 2023, with a Trial Readiness Conference date of August 18, 2023. Defendant filed a Motion to Compel Further Answers to Interrogatories and a Motion to Compel Production of Documents. On August 30, 2023, Judge Shore heard and denied both motions. On September 11, 2023, the parties agreed to waive jury and the case was reassigned to Judge Michael Washington in Department 1604 for trial. On September 12, 2023, Judge Washington met with the parties and ruled on the motions *in limine*. Judge Washington ordered the parties back on September 13, 2023 to begin witness examination. On September 14, 2023, both parties rested their cases, argued their cases to the Court, and the Court issued its tentative decision.

As part of his request for a statement of decision, the Defendant raised the following principal controverted issues: 1) whether a lease existed at the time of the notice to quit was served, 2) whether the homeowners association rules were vague as to the issue of nuisance, 3) whether Plaintiff may prevail in an unlawful detainer action, if there are no monetary damages 4) whether Plaintiff is required to call live witnesses, rather than rely on written report, under the duty to provide stronger evidence when available, 5) whether the acceptance of rent by Plaintiff, constituted waiver of any breach of the lease agreement by Defendant, 6) whether Plaintiff consented to Defendant's violation of the lease agreement regarding Defendant's duty to complain about issues with the premises, and 7) whether a lawful act can constitute a nuisance.

---

**PROPOSED STATEMENT OF DECISION AND JUDGMENT**
3 of 8

# I.

## Did a lease exist at the time the notice to quit was served?

Both parties testified that Plaintiff and Defendant, originally entered into a lease agreement, that original lease ran from February 15, 2016, to February 15, 2017.  A copy of the lease agreement was received in evidence as Exhibit 1.  The lease agreement contained a provision that at the end of the lease agreement, the lease could be terminated by either party, or upon the payment of rent, a month-to-month tenancy would be created which either party could terminate.  The lease agreement goes on to say that "All other terms and conditions of this Agreement shall remain in full force and effect."
As a result, the Court finds that the parties were still governed by the terms and conditions of the lease agreement at the time the notice to (cure or) quit was served on Defendant on March 1, 2023.

# II.

## Are the homeowners' association's rules impermissibly vague regarding the issue of nuisance?

The Renaissance Owners' Association rules are contained in Exhibit 4.  In it, section 6.3 defines nuisance as a "… Condominium used in such manner as to obstruct or interfere with the enjoyment of occupants of other such areas or annoy them by unreasonable noise or otherwise …"  It goes on to say that "No one may engage in any illegal, noxious or offensive activity … or do any act which unreasonably threatens the health, safety and welfare of other residents of the Community."
In determining whether the Renaissance Owners' Association's definition of nuisance was too vague, the Court is guided by California Code of Civil Procedure section 3479.  CCP section 3479 defines a nuisance, in part, as an act that is injurious to health, or is offensive to the senses. This definition is consistent with the definition of nuisance as

---

**PROPOSED STATEMENT OF DECISION AND JUDGMENT**
4 of 8

EXHIBIT C - 4/9

1  stated in the homeowners' association rules, and as a result, the Court finds that the
2  Renaissance Owners' Association's rules regarding nuisance are not impermissibly
3  vague. Although the Renaissance rules and CCP section 3479 include illegal activity as a
4  basis for a nuisance claim, neither requires that the complained of nuisance also be based
5  on illegal activity.

6

7                                          **III.**

8            **Must Plaintiff establish monetary damages to prevail in**

9                      **an unlawful detainer action?**

10

11 An unlawful detainer action is an action taken when a landlord wants to involuntary end a
12 tenancy after the tenant has taken possession of the rental property.  The appropriate
13 statutes that govern unlawful detainers are CCP sections 1159 – 1179.  A landlord may
14 issue a notice to quit when the tenant has breached a covenant of the lease and it cannot
15 be cured, or a notice to cure or quit when the breach can be cured. The notice to cure or
16 quit does not require that the breach be based on nonpayment of rent.  If, however, the
17 landlord gives notice to pay rent or quit, the landlord is required to state the amount of
18 rent due, see *Delta Imports, Inc. v. Municipal Court* (1983) 146 CA3d 1033.  In this case,
19 the Court finds that the Plaintiff was not seeking payment of rent, but rather correction of
20 the breach of the lease agreement (i.e. end the nuisance).  As a result, Plaintiff was not
21 required to establish monetary damages in order to prevail in his unlawful detainer action.

22

23                                          **IV.**

24   **Whether it is permissible for Plaintiff to rely on written documents when stronger**

25                           **evidence is available?**

26

27 During the presentation of Plaintiff case, the Plaintiff introduced several documents that
28 purported to be copies of complaints made by neighbors of the Defendant, of him having

---

                **PROPOSED STATEMENT OF DECISION AND JUDGMENT**
                                        5 of 8

1  smoke coming from his unit.  These complaints were investigated by the Renaissance

2  condominiums staff and their reports were signed and dated.  The staff members

3  themselves did not testify at trial, but the Court received their witness reports under the

4  business record exception to the hearsay rule.  Defendant does not challenge that ruling,

5  but instead challenges whether it was permissible for the Plaintiff to introduce the

6  document, in lieu of calling the actual staff members as witnesses.

7  Evidence Code section 412 states "If weaker and less satisfactory evidence is offered

8  when it was within the power of the party to produce stronger and more satisfactory

9  evidence, the evidence offered should be viewed with distrust."  The Court notes that EC

10  section 412 does not say that it is impermissible to introduce weaker evidence.  More

11  importantly, courts have held that when each party has equal opportunity to present the

12  evidence, the inference of section 412 does not apply (See *Provencio v. Merrick*, (1970) 5

13  Cal. App 3d, 39.) In this case, the Court found that both the Plaintiff and the Defendant

14  had an equal opportunity to call the Renaissance condominiums staff, and therefore the

15  inference that the complaints filed by those staff members be viewed with distrust is

16  inappropriate.  The Court finds that it was permissible for the Plaintiff to rely on the

17  written documents alone, even though live witness testimony might be available.

18

19                                    V.

20          **Did Plaintiff waive all breaches by accepting rent?**

21

22  While courts have held that the landlord's acceptance of rent after a notice to quit has

23  been given in a residential rental setting may operate as a waiver of the breach for

24  nonpayment, see *EDC Assoc. Ltd. v. Gutierrez*, (1984) 153 CA3d, 167, there is no

25  parallel caselaw if the notice to cure or quit is based on nuisance.  As noted above,

26  Plaintiff's notice to cure or quit was not based on Defendant's non-payment of rent.

27  Plaintiff based his notice to Defendant on Defendant's conduct that was a breach of the

28  lease agreement by creating a nuisance. The Court finds that Plaintiff accepting rent after

**PROPOSED STATEMENT OF DECISION AND JUDGMENT**
6 of 8

CAMERON v KAEDER 37-2023-00015554-CL-UD-CTL

EXHIBIT C - 6/9

1  the notice to cure or quit did not create a waiver of the complaint that Defendant had

2  breached the rental agreement by nuisance.

3

4                                      **VI.**

5

6  **Did Plaintiff consent to Defendant's failure to complain about the condition**

7                               **of the premises?**

8  Plaintiff originally alleged that the Defendant materially breached the lease agreement by

9  failing to report to his Landlord the leaks coming from the pipes and hoses in the unit and

10  the potential damage to the HVAC from the burning of materials in the unit. The

11  Defendant argues that Plaintiff consented to Defendant's failure to complain about the

12  condition of the premises.  After hearing all the evidence at trial, the Court finds that the

13  breaches that Plaintiff alleged regarding the Defendant's failure to complain to his

14  landlord about leaks in the unit or potential repairs or replacement of the HVAC filtration

15  system were not material breaches of the lease agreement that would entitle Plaintiff to

16  reclaim his rental property.  In making its finding, the Court does not reach the issue of

17  whether Plaintiff consented to Defendant's lack of complaints regarding needed or

18  necessary repairs to the unit.

19

20                                      **VII.**

21

22                       **Can a lawful act constitute a nuisance?**

23  As stated in Section II. above, a nuisance can be based on unlawful activity, but that is

24  not required by either the CCP or the Renaissance Owners' Association rules.  Under

25  both sets of rules, a tenant may create a nuisance by doing something that is lawful, if it

26  interferes with the ability of other tenants to enjoy their own property or common areas.

27  Here, based on the complaints that were reported to the staff at Renaissance, and the

28  testimony of Amanda Francis, the general manager at Renaissance, the Court finds that

---

**PROPOSED STATEMENT OF DECISION AND JUDGMENT**

7 of 8

CAMERON v KAEDER 37-2023-00015554-CL-UD-CTL

EXHIBIT C - 7/9

1  the smoke and smell coming from Defendant's unit, while a lawful activity, was

2  sufficient to create a nuisance and constitute a material breach of the lease agreement.

3

4  Proposed Judgment

5  Based on the above findings, the Court orders as follows:

6      1) Termination of the Lease Agreement forthwith.

7      2) Plaintiff awarded immediate possession of the premises.

8      3) Defendant to pay attorney fees in the amount of $1,500.

9      4) Defendant to pay court costs in the amount of $75.

10

11

12  Date:   October 17, 2023

13

14  Michael D. Washington

15  JUDGE OF THE SUPERIOR COURT

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**PROPOSED STATEMENT OF DECISION AND JUDGMENT**

8 of 8

EXHIBIT C - 8/9

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
1100 Union St.
San Diego, CA 92101

**SHORT TITLE:** CAMERON ... KAEDER [IMAGED]

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: |
|---|---|
| | 37-2023-00015554-CL-UD-CTL |

I certify that I am not a party to this cause. I certify that a true copy of the Proposed statement of decision and judgment was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at <u>San Diego</u>, California, on <u>10/17/2023</u>.

Clerk of the Court, by: _____ *M. Acosta* _____ , Deputy

√ KENT  L SHARP
9404  GENESEE AVENUE # 300
LA JOLLA, CA 92037

KENNAN  E KAEDER
501  W BROADWAY  # 800
SAN DIEGO, CA 92101

KENNAN  E KAEDER
ATTORNEY AT LAW
501 W BROADWAY STREET # 800
SAN DIEO, CA 92101

☐ Additional names and address attached.

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

EXHIBIT C - 9/9